**PUBLIC VERSION**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| VIDEOLABS, INC., and<br>VL COLLECTIVE IP LLC,<br><br>         Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., and<br>AMAZON WEB SERVICES, INC.,<br><br>         Defendants. | Civil Action No. 6:22-cv-00079-ADA<br><br><br>JURY TRIAL DEMANDED<br><br>**PUBLIC VERSION** |

**VIDEOLABS' RESPONSE TO AMAZON'S MOTION**
**TO TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404(a)**

**PUBLIC VERSION**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION. .......................................................................................................... 1

II. FACTUAL BACKGROUND. ........................................................................................ 1

III. AMAZON FAILS TO SHOW THAT THE WESTERN DISTRICT OF
     WASHINGTON IS CLEARLY MORE CONVENIENT. .............................................. 2

    A.  This Action Could Have Been Brought In The Western District of Washington. ....... 2

    B.  The Private Interest Factors All Weigh Against Transfer. ......................................... 2

        a.  The Sources Of Proof Factor Weighs Against Transfer. ..................................... 2

        b.  The Compulsory Process Factor Weighs Against Transfer. ................................. 7

        c.  The Willing Witnesses Factor Weighs Against Transfer. ..................................... 8

        d.  The Practical Problems Factor Weighs Against Transfer. ..................................... 9

    C.  The Public Interest Factors Weigh Against Transfer Or Are Neutral. ...................... 10

        a.  The Local Interests Factor Is Neutral. ............................................................... 10

        b.  The Court Congestion Factor Weighs Against Transfer. ..................................... 11

        c.  The Other Public Interest Factors Are Neutral. .................................................. 11

IV. AMAZON FAILS TO SHOW THAT THE AUSTIN DIVISION IS CLEARLY
     MORE CONVENIENT. .............................................................................................. 12

    A.  The Private Interest Factors Weigh Against Transfer To Austin. ............................ 12

    B.  The Public Interest Factors Weigh Against Transfer to Austin. ............................... 13

V.  CONSIDERING CREDIBILITY, THE FACTORS FOCUSING ON AMAZON'S
     OWN SOURCES OF PROOF AND WITNESSES ARE AT BEST NEUTRAL. .......... 13

VI. CONCLUSION. .......................................................................................................... 15

PUBLIC VERSION

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
    358 F.3d 337 (5th Cir. 2004) ..................................................................2

*Broadband iTV, Inc. v. DISH Network L.L.C.*,
    No.6:19-CV-00716-ADA, 2021 WL 4955906 (W.D. Tex. Sept. 3, 2021) .....................11, 13

*Flexiworld Techs., Inc. v. Amazon.Com, Inc.*,
    No. 6:20-CV-00553-ADA, Dkt. 101 (W.D. Tex. Aug. 2, 2021)..........................................6, 10

*In re Genentech, Inc.*,
    566 F.3d at 1342 ..................................................................10

*Gentex Corp v. Meta Platforms Inc.*,
    No. 21-cv-755-ADA, 2022 WL 2654986 (W.D. Tex. July 8, 2022).....................................15

*Gesture Tech. Prs., LLC v. Apple Inc.*,
    No. 6:21-cv-00121-ADA, Dkt. 42 (W.D. Tex. Aug. 22, 2022)..............................................15

*In re Google LLC*,
    No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ..................................9

*In re Google LLC*,
    No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ..................................2

*Parker Vision, Inc. v. Intel Corp.*,
    No. 20-cv-108-ADA, 2021 WL 401989 (W.D. Tex. Jan. 26, 2021) ......................................11

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985).................................................................10

*In re Radmax, Ltd.*,
    720 F.3d 285 (5th Cir. 2013) ..................................................................8

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
    148 F.3d 1355 (Fed. Cir. 1998).........................................................9

*Scramoge Tech. Ltd. v. Apple Inc.*,
    No. 6:21-cv-00579-ADA, 2022 WL 1667561 (W.D. Tex. May 25, 2022)..................... *passim*

*Trimble Inc. v. PerDiemCo LLC*,
    997 F.3d 1147 (Fed. Cir. 2021)........................................................9

PUBLIC VERSION

*VoIP-Pal.com, Inc. v. Google LLC*,
    No. 21-cv-667-ADA, 2022 WL 2068254 (W.D. Tex. May 31, 2022) .............................13, 15

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ..........................................................................................2

**Federal Statutes**

28 U.S.C. § 1404(a) .........................................................................................................1, 2

**Rules**

Federal Rule of Civil Procedure § 45(c)(1)(B) ....................................................................8

**PUBLIC VERSION**

Plaintiffs VideoLabs, Inc. and VL Collective IP LLC (collectively "VideoLabs") hereby oppose the Motion To Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. 39, "Mot.") of Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (collectively "Amazon").

## I.     INTRODUCTION.

Amazon's Motion makes bold proclamations about how the "vast majority" of witnesses and evidence are in the Western District of Washington and that "this case has no connection at all to this District." Mot. at 1. Amazon sought to prop up these claims with attorney-drafted declarations and by withholding discovery into relevant witnesses and its presence in the Western District of Texas. *See* Dkt. 50. Nonetheless, Amazon's assertions fall flat.

Amazon identifies fewer witnesses in Seattle than VideoLabs identifies in Austin, and Amazon fails to establish that there are *any* relevant technical witnesses in Seattle for 16 of the 21 accused product groups. Amazon also ignores or downplays the clear benefits to keeping this case in Waco, including the faster time to trial, the judicial efficiencies from related cases, and the presence of a non-party inventor and many former Amazon employees with relevant knowledge within the subpoena power of this Court. In short, Amazon fails to meet its burden of proving that either the Western District of Washington or the Austin Division are clearly more convenient.

## II.    FACTUAL BACKGROUND.

VideoLabs accuses Amazon of infringing 7 patents through 21 product groups: Prime Video; Elemental MediaLive, Elemental MediaConvert, Elemental MediaPackage, Elemental Live, and Elemental Server; Elastic Transcoder; Fire TV, Fire TV Omni Series, Fire 4-Series, Fire Cube, Fire Stick, and Fire Tablet; Echo Show, Echo Spot; Glow; Kinesis Video Streams; Connect; Chime; EC2 Auto Scaling; and AWS Auto Scaling. Dkts. 1, 33. The patents relate to the coding, transmitting, provisioning, and displaying of audiovisual content (specifically, the H.264 coding standard, WebRTC security protocol, DASH, HLS, and video playback control), as well as the

1

infrastructure needed to handle spikes in demand for such content.  *Id.*

## III.   AMAZON FAILS TO SHOW THAT THE WESTERN DISTRICT OF WASHINGTON IS CLEARLY MORE CONVENIENT.

A movant must show "not that the alternative venue is more convenient, but that it is clearly more convenient."  *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-cv-00579-ADA, 2022 WL 1667561, at *2 (W.D. Tex. May 25, 2022) (citations omitted).  Under § 1404(a), a court must initially determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  If met, "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight."  *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).  The public and private interest factors on balance weigh against transfer to the Western District of Washington

### A.   This Action Could Have Been Brought In The Western District of Washington.

VideoLabs agrees that it could have brought suit in the Western District of Washington.

### B.   The Private Interest Factors All Weigh Against Transfer.

#### a.   The Sources Of Proof Factor Weighs Against Transfer.

For this factor, the Court must not only consider the location of documents, but also "document custodians" and "where documents are created and maintained, which may bear on the ease of retrieval."  *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).  Because the sources of proof are not primarily located in either forum and there are more identified relevant witnesses in Texas than Seattle, this factor weighs against transfer.

##### i.   *Relevant Party Documents Are Not Primarily Stored In Either Forum.*

Amazon acknowledges that ██████████████████████████████████ ██████████████████████████████████ VideoLabs' documents are stored on servers in

2

**PUBLIC VERSION**

California. Mot. at 7. Amazon also acknowledges that the inventors of the patents-in-suit have relevant documents, and two of them are in the United States. *Id*. at 7-8. These inventors, Steven Landherr and Thomas Turricchi, are located in Madison, WI and Dallas, TX, respectively, which are closer to Waco than Seattle (within 100 miles of this Court in the case of Mr. Turricchi). Exs. 1, 2. The Houston office of Hewlett-Packard affiliated with their inventions is likely to have additional sources of proof—including documents related to conception and reduction to practice and patent prosecution—and is much closer to Waco than Seattle. *See* Ex. 3. The relevant third-party documents are thus closer to Waco than Seattle.

> *ii.* *There Are More Relevant Employees That Would Access Relevant*
> *Documents In This District Than In The Western District Of Washington.*

Amazon vaguely alleges there are thousands of employees working on the technical aspects of the accused products and that "most" work in Seattle, Vancouver, or California. *See, e.g.*, Mot. at 4. But the number of employees Amazon alleges as relevant with any degree of specificity (i.e., by name, location, or description of knowledge) is much smaller—no more than 52 witnesses. *See generally* Declarations ("Decls.") at Dkt. Nos. 39-1—39-7; Corrected Declarations ("Corr. Decls.") at Exs. 4-8. Of these identified witnesses, at most 19 are in Seattle.[1] At least 21 are in Texas—though Amazon tries to explain away their relevance, including by alleging they have "non-unique knowledge." *See id*. The witnesses specifically identified by Amazon are the only witnesses that should be considered as part of the transfer analysis, *Scramoge Tech. Ltd.*, 2022 WL 1667561, at *8 ("Without more information about the remaining . . . teams of unknown sizes, the

---

[1] ██████████████████████████████████████████████████████████████

**PUBLIC VERSION**

Court assumes that each team is small and has mostly duplicative knowledge with a named representative member[,]"), and general assertions about "most" and "the vast majority" of witnesses should be disregarded.  Taking Amazon's identifications at face value, 16 accused products[2] have *no persons* identified as knowledgeable that reside in the WDWash.

By contrast, VideoLabs has identified over 200 relevant witnesses (either individually or by team) in this District or in nearby cities, including 23 individual witnesses identified by name:



---

[2] The products in these families: Fire and Echo devices; Elemental services; and Auto Scaling services.  *See* Decls. at Dkt. Nos. 39-1—39-7; Corr. Decls. at Exs. 4-8; *see generally* Ex. 13 (Truax Dep.) (███████████████████████████).

**PUBLIC VERSION**





There are thus many more relevant witnesses in this District than in the Western District of Washington.  If the geographic area is broadened, there are still substantially more relevant witnesses near this District than Amazon's preferred district.

Amazon quibbles with whether the work of its Texas employees is sufficiently tethered to the issues in this case.  *See, e.g.*, Karge Decl. (Dkt. 39-3) ¶¶ 8, 16.  But as explained above, these teams and employees explicitly work on the accused features.  When the relevant witnesses are

**PUBLIC VERSION**

accounted for, even conservatively, Amazon's relevant documents are created and maintained more often in Texas than in Washington.  Also, as explained in Section V, Amazon's characterizations of the relevance of its employees should be given minimal (if any) weight.

Because relevant documents can be electronically accessed by relevant Amazon employees, including those within Texas,[3] and given that there are more relevant witnesses in this District and the surrounding cities than in the Western District of Washington and the nearby area, this factor weighs strongly against transfer.

### b.  The Compulsory Process Factor Weighs Against Transfer.

Amazon fails to show that there are any potential non-party witnesses that could be compelled to testify by the Western District of Washington, while there is at least one inventor and many former Amazon employees with relevant knowledge within the subpoena power of this Court.  This factor thus weighs against transfer.

Amazon alleges that there are six relevant potential prior art witnesses.  Mot. at 8-9.  But Amazon's allegations here should be given no weight.  Amazon identifies two media players that it claims could be relevant prior art but provides no basis for this assertion.  *Id.*  Amazon does not identify the patents-in-suit for which its media players would supposedly be relevant, or the features of the media players that are supposedly relevant.  Moreover, Amazon did not submit a claim chart with its invalidity contentions for any of the media players or for any patents related to them (despite identifying patents of its potential prior art witnesses in its Motion).  Thus, while

---

[3] *E.g.*, Ex. 16 (Sukendro Dep.) at 69:19-70:3 (███████████████), 69:19-70:3; Ex. 11 (Ranjan Dep. at 62:6-10); Ex. 14 (Nanda Dep.) at 81:21-82:9; Ex. 17 (Winston Dep.) at 72:11-16; Winston Decl. (Dkt. 39-1) ¶ 5 ████████████████ ; Truax Decl. (Dkt. 39-2) ¶ 6; Karge Decl. (Dkt. 39-3) ¶ 5; Ranjan Decl. (Dkt. 39-4) ¶ 5; Sukendro Decl. (Dkt. 39-5) ¶ 5; Nanda Decl. (Dkt. 39-6) ¶ 5; Guzman Decl. (Dkt. 39-7) ¶ 8.

it is always highly speculative to assess whether a prior art witness will testify, here, there is no reason to believe that the identified systems are even relevant.  If parties seeking transfer can claim that there are relevant prior art witnesses in the district simply by *identifying* a product that *might* have relevance to the asserted patents, then there would be no case in which this allegation couldn't be made to decisively tilt this factor in favor of transfer.

On the other hand, this Court has subpoena power over a named inventor of a patent-in-suit, Thomas Turicchi.  There is no question that he has relevant information.  Amazon instead claims that "[a]ccording to Google Maps, Mr. Turicchi is 102 miles away from the Waco courthouse, and is thus outside the Court's subpoena power." Mot. at n.8.  But a slightly different driving route on Google Maps shows that Mr. Turicchi is actually less than 100 miles away.  *See* Ex. 2b.  Moreover, the subpoena power of this Court extends to residents of Texas—like Mr. Turicchi—where attending trial "would not incur substantial expense."  Fed. R. Civ. P. 45(c)(1)(B).  VideoLabs also identified three former employees with relevant knowledge who are located in Austin (Zhemin Tu, Maggie Krummel, and Thiago James Pizzirani), and thus within the subpoena power.  *See supra* 5-6.  Accordingly, this factor weighs strongly against transfer.

### c.  The Willing Witnesses Factor Weighs Against Transfer.

The most important factor in the transfer analysis is the convenience of the witnesses.  *In re Genentech Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009).  There are over 200 relevant employees in and around this District (and 23 individuals identified by name) as compared with just 31 witnesses in Washington, California, Oregon, and Vancouver.  Austin employees are just over 90 miles from the Waco courthouse.  *See* Ex. 39.  Travel to Waco for trial is at most a slight inconvenience, and would not require an overnight stay.  *See In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) ("[T]his factor has greater significance when the distance is greater than 100

miles."). Moreover, witnesses in Dallas or Houston would spend much less time traveling to Waco

than to Seattle. *See Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, No. 6:21-cv-00681-ADA, Dkt. 73 at

9 (W.D. Tex. Aug. 22, 2022) (citing *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4

(Fed. Cir. Sept. 27, 2021)).

### d. The Practical Problems Factor Weighs Against Transfer.

This Court currently has six other VideoLabs cases pending that involve two or three of

the patents-in-suit.[4]  These patents are alleged to infringe in all the cases by the use of the same

underlying technology, the H.264 coding standard.  That a motion to transfer has been filed in the

Dell case at most reduces, but does not eliminate, the potential judicial efficiencies.  Accordingly,

this factor "weigh[s] against transfer because keeping the case promote[s] judicial efficiency," as

"the Court ha[s] . . . co-pending cases that involve the same patents and involve similar allegations

of infringement of" the same type of technologies. *See Scramoge*, 2022 WL 1667561, at *9.

Nor has Amazon established, because it cannot, that the Western District of Washington

has personal jurisdiction over VideoLabs.  VideoLabs' pre-suit contacts with Amazon, as laid out

in the Complaint, consisted of communications informing Amazon of its infringement and offering

a nonexclusive license. *See, e.g.*, Dkt. 1, ¶181.  These communications are less involved than

those in *Red Wing*, which were deemed insufficient to create personal jurisdiction. *See Red Wing

Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998); *Trimble Inc. v.

PerDiemCo LLC*, 997 F.3d 1147, 1154-56 (Fed. Cir. 2021) (finding that *Red Wing* "remains

correctly decided"). ████████████████████████████████

---

[4] *VideoLabs, Inc. v. Acer Inc.*, No. 22-cv-719 ('238 and '878 patents); *VideoLabs, Inc. v. ASUSTeK Computer Inc.*, No. 22-cv-720 (same); *VideoLabs, Inc. v. Lenovo Grp. Ltd.*, No. 22-cv-721 (same); *VideoLabs, Inc. v. Micro-Star Int'l Co.*, No. 22-cv-722 (same); *VideoLabs, Inc. v. Dell Tech. Inc.*, No. 22-cv-456 (same), *VideoLabs, Inc. v. Dell Tech. Inc.*, No. 21-cv-932 ('059 patent).

9

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It would be highly inefficient to transfer this case to a court that lacked personal jurisdiction over VideoLabs.[5]

In total, this factor strongly weighs against transfer.

### C.     The Public Interest Factors Weigh Against Transfer Or Are Neutral.

#### a.   The Local Interests Factor Is Neutral.

As this Court has recognized, "Amazon's presence in this District is undeniable." *Flexiworld Techs., Inc. v. Amazon.Com, Inc.*, No. 6:20-CV-00553-ADA, Dkt. 101 at 17 (W.D. Tex. Aug. 2, 2021).  Since *Flexiworld*, Amazon's presence in this District (and in Texas) has accelerated.  *See* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ *see also* Ex. 10, Ex. 53 (Austin American Statesman article noting Amazon "plans major expansion in Austin"); Ex. 54 (Dallas Morning News article noting "a big surge in [Amazon's] Dallas-Fort Worth jobs").  Indeed, Amazon now has more employees in the state of Texas than in the state of Washington.  *See* Ex. 40.

Amazon's Texas connections are specifically tethered to the issues in this case.  Many of Amazon's Texas employees work on the accused products, and the many fulfillment, sorting, and shipping centers in this district involve the physical accused device at issue in this case, as they

---

[5] The Federal Circuit previously found clear error when a district court deemed "the possibility" of the transferee court lacking jurisdiction as a "critical" problem that weighed "heavily" against transfer.  *In re Genentech Inc.*, 566 F.3d at 1346.  Here, it is clear (not just a possibility) that the Western District of Washington lacks jurisdiction over VideoLabs.  Further, VideoLabs does not read *Genentech* as holding that it is always improper to consider a potential deprivation of due process as part of the transfer analysis, or that the transfer analysis is itself sufficient due process, which would be inconsistent with Supreme Court precedent.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).

warehouse, pack, ship, distribute, and perform quality assurance on them. *See*



. *See Broadband iTV, Inc. v. DISH Network L.L.C.*,

No.6:19-CV-00716-ADA, 2021 WL 4955906, at *1 (W.D. Tex. Sept. 3, 2021) (considering where

defendant "warehouses, sells, offers to sell, and services the accused products" and "operates sales

and distribution centers" in the local interest factor).

Amazon relies on its Seattle headquarters and the purported design and development of

many accused features there. Mot. at 12. But Amazon only establishes that there are relevant

witnesses in Seattle for five of the accused products, as compared with relevant witnesses for all

21 products in Texas. Where, as here, both districts "have significant connections to the events

that gave rise to this lawsuit . . . this factor is neutral." *Broadband iTV*, 2021 WL 4955906, at *1.

### b. The Court Congestion Factor Weighs Against Transfer.

"The relevant inquiry under this factor is '[t]he speed with which a case can come to trial

and be resolved[.]'" *ParkerVision, Inc. v. Intel Corp.*, No. 20-cv-108-ADA, 2021 WL 401989, at

*6 (W.D. Tex. Jan. 26, 2021). This Court's average time to trial for patent cases is 24 months, *see*

Ex. 41, as compared with 37.5 months for the Western District of Washington. *See* Ex. 42.

Transferring this case would thus likely delay the time to trial by over a year. Amazon's reliance

on the number of cases pending in the district misses the mark. The court congestion factor weighs

strongly against transfer.

### c. The Other Public Interest Factors Are Neutral.

VideoLabs agrees with Amazon that the remaining public factors are neutral.  Mot. at 13.

Taken all together, the private and public interest factors weigh against transfer of this case to the Western District of Washington.

## IV.    AMAZON FAILS TO SHOW THAT THE AUSTIN DIVISION IS CLEARLY MORE CONVENIENT.

VideoLabs agrees that it could have brought suit in the Austin Division, but Amazon has failed to show that transferring the case there now would be clearly more convenient.

### A.    The Private Interest Factors Weigh Against Transfer To Austin.

As described in Section III.B.a., the parties' documents are not stored in either district. And while there are non-party documents related to the inventions in Dallas and Houston, these documents are alternately closer to Waco and Austin, and so have a negligible impact.  There are, however, more relevant employees in Austin than in Waco or nearby Dallas.  The relative ease of access to sources of proof factor thus moderately weighs in favor of transfer.  So does the cost of attendance for willing witnesses factor, for the same reason—there are more relevant witnesses in Austin than in the Waco area.  Witnesses travelling from Washington, Oregon, California, and Vancouver would need to travel a long distance either way, and so do not affect the analysis.

For the compulsory process factor, the inventor Mr. Turicchi is near Dallas, only 92 miles from this Court, and thus subject to process.  See Ex. 2b; Fed. R. Civ. P. 45(c)(1)(B).  Additionally, while the former Amazon employees are in Austin, Waco is less than 100 miles from Austin and the former Amazon employees can travel to Waco within a day without significant inconvenience. Conversely, Mr. Turicchi is 200 miles from the Austin courthouse.  Ex. 60.  Thus, Mr. Turicchi and the former Amazon employees can easily travel to Waco, but Mr. Turicchi would have to travel much further to Austin, likely necessitating an overnight trip.  This factor weighs strongly against transfer.  The private interest factors thus slightly weigh against transfer.

**B.     The Public Interest Factors Weigh Against Transfer to Austin.**

For court congestion, the two district court judges in the Austin Division have longer average times to trial of patent cases than this Court, which strongly weighs against transfer.  Judge Yeakel has an average time to trial for patents cases of 34 months.  *See* Ex. 43.  Judge Pitman appears to not yet have taken a patent case to trial, and no data exists for his docket.  *See* Ex. 44.

The local interests of both Waco and Austin are significant and growing.  *Supra* at III.C.a.  Notably, Amazon is at least the fifth largest employer in Waco.  Ex. 45.  This factor is thus neutral.  *Broadband iTV*, 2021 WL 4955906, at *1.  VideoLabs agrees that the other two factors are neutral.

On net, the private and public interest factors weigh against transfer, and so Amazon's alternate request to transfer this case to the Austin division should be denied.

**V.     CONSIDERING CREDIBILITY, THE FACTORS FOCUSING ON AMAZON'S OWN SOURCES OF PROOF AND WITNESSES ARE AT BEST NEUTRAL.**

Amazon argues that the willing witnesses, sources of proof, and local interest factors favor transfer based on its own designations of relevance.  *See generally* Dkt. 50.  However, properly taking into account the indicia of unreliability in the declarations combined with Amazon's deficient discovery, these factors should be found, at best, neutral.

This Court found a declaration in *Scramoge* to lack credibility for "offer[ing] expert opinions that certain engineers' work is unrelated to the accused technology in asserted patents" and, "[w]orst of all, the . . . Declaration uses language that carefully limits the scope of declared facts to his personal, selectively fed knowledge. . . . Then, his qualified statements are cited by Apple's attorneys in transfer motions as though they are authoritative truths."  *Scramoge*, 2022 WL 1667561, at *3-4; *see also VoIP-Pal.com, Inc. v. Google LLC*, No. 21-cv-667-ADA, 2022 WL 2068254, at *5-6 (W.D. Tex. May 31, 2022).  Amazon submitted *seven* declarations with exactly these faults, all of which should be viewed with "skepticism" and as having "little to no evidentiary

**PUBLIC VERSION**

value." *Scramoge*, 2022 WL 1667561, at *3-4.   The declarations include carefully crafted, misleading statements.[6]  Additionally, the statements are often implicitly limited, either based on the witnesses' own judgment about what is relevant or simply based on instructions from counsel.

14

**PUBLIC VERSION**

Amazon also refused highly relevant discovery.  As this Court has "explained repeatedly, it is improper for movants to seek transfer but fail to provide sufficient discovery or conduct thorough investigations as to sources of proof and witnesses within the transferor forum." *Gesture Tech. Prs., LLC v. Apple Inc.*, No. 6:21-cv-00121-ADA, Dkt. 42 at 9 (W.D. Tex. Aug. 22, 2022). Yet Amazon limited its discovery to the employees it deemed "most knowledgeable" and refused to search for the engineers who designed and developed the accused features and products.  Dkt. 50 at 3-5; *Gentex Corp v. Meta Platforms Inc.*, No. 21-cv-755-ADA, 2022 WL 2654986, at \*8 (W.D. Tex. July 8, 2022) (finding that initial product designers have substantial relevance).  This denial of discovery further undermines Amazon's credibility.  *Id.* at \*6.

Taking these deficiencies into account and accordingly viewing Amazon's identifications with appropriate "skepticism" and as having "little to no evidentiary value," *Scramoge*, 2022 WL 1667561, at \*3-4, the sources of proof, willing witnesses, and local interests factors   which focus on Amazon's own provided facts   should be found to be, at best for Amazon, neutral in the transfer analysis.[8]

## VI.   CONCLUSION.

Amazon fails to meet its burden to establish that the Western District of Washington or the Austin Division is clearly more convenient than this Court.  Its Motion should thus be denied.

_____

[8] Alternatively, VideoLabs requests that the Court resolve all disputed facts against Amazon's declarants. *See VoIP-Pal.com*, 2022 WL 2068254, at \*6.

15

PUBLIC VERSION

Dated: September 6, 2022

Respectfully submitted,

*/s/ Taylor N. Mauze*
Taylor N. Mauze (TX Bar No. 24102161)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
7500 Rialto Blvd., Ste. 1-250
Austin, Texas 78735
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1402
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7311
Facsimile: (650) 623-1449

Wesley L. White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Michael Matulewicz-Crowley (*pro hac vice*)
mmatulewicz-crowley@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (646) 921-1474
Facsimile: (650) 623-1449

***Attorneys for Plaintiffs***
***VideoLabs, Inc. and VL Collective IP LLC***

16

PUBLIC VERSION

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was served on September 6, 2022 on all counsel of record who have submitted to electronic service via the Court's CM/ECF system.

_/s/ Taylor N. Mauze_
Taylor N. Mauze